## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **Michael Andrews** <br> 384 Ivanhoe Ave <br> Wadsworth, OH 44281 <br><br> Plaintiff, <br><br> -vs.- <br><br> **Sunshine Stores, LLC** <br> c/o Muhammad Babar Chaudhry <br> 2345 Southwest Blvd <br> Grove City, OH 43123 <br><br> Defendant. | CASE NO.: <br><br> JUDGE: <br><br> **COMPLAINT FOR DISCRIMINATION ON THE BASIS OF PERCEIVED DISABILITY UNDER 42 U.S.C. § 12101,** *et seq.* <br><br> **JURY DEMAND ENDORSED HEREON** |

For his Complaint against Defendant, Sunshine Stores, LLC, Plaintiff Michael Andrews states:

### INTRODUCTION

1. This action for employment discrimination is based on perceived disability arising under the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 et seq. ("ADA"). Ohio's Anti-Discrimination law, Ohio R.C. § 4112.02, gives rise to a state law discrimination case under the Code.

2. Defendant discriminated against Plaintiff and terminated Plaintiff's employment because of a perceived disability that is neither minor nor transitory but does not affect Plaintiff's ability to perform his essential job functions.

3. Defendant also violated the ADA through an unauthorized disclosure of Plaintiff's personal medical information as prohibited under 42 U.S.C. § 12112.

1

4. This suit seeks to remedy Defendant's statutory violations and discrimination against Plaintiff.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 12101. Pursuant to 28 U.S.C. § 1367(a), this Court has pendent jurisdiction over Plaintiff's state law claim. Venue is proper under 28 U.S.C. § 1391(b) because the events complained of occurred in this District and Division.

6. Plaintiff's claim under Ohio's Anti-Discrimination Law is authorized by Ohio Revised Code § 4112.02.

## PARTIES

7. Plaintiff Michael Andrews lives in Wadsworth, Ohio and worked as Regional Director of Operations at Sunshine Stores, LLC.

8. Defendant, Sunshine Stores, LLC ("SUNSHINE") is a grocery store and supermarket chain doing business as Save A Lot Food Stores. Defendant is headquartered in Grove City, Ohio.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") raising the issues in this Complaint.

10. The EEOC issued Plaintiff a Notice of Right to Sue on October 18, 2022.

## FACTUAL ALLEGATIONS

11. Plaintiff worked at SUNSHINE for close to two (2) years with an approximate hire date of the last week of March in 2021.

12. During his employment at SUNSHINE, Plaintiff was an employee in good standing and performed the duties of his job in a manner that met or exceeded Defendant's expectations. As

Regional Director of Operations, Plaintiff successfully launched all of Defendant's 36 stores. Plaintiff was strongly commended for his performance personally by owner and Chief Executive Officer, Muhammad Babar Chaudhry ("CHAUDHRY").

13. Plaintiff has an ongoing heart condition that started in 2020, prior to his employment with SUNSHINE.

14. As part of the treatment for this heart condition, several stents were placed in Plaintiff's heart. The first stents were inserted in January of 2020.

15. Plaintiff had another stent inserted in his heart on June 22, 2022. Plaintiff took off only the day of the procedure, which he later made up, and returned to work on June 23, 2022.

16. When Plaintiff returned to work the next day, he performed his job responsibilities as normal – traveling to, working in, and helping out at the various stores under his supervision. Going forward, Plaintiff was able to fully perform all the duties and functions of his job without issue.

17. Plaintiff's treating physician placed no limitations on Plaintiff regarding his job responsibilities.

18. CHAUDHRY performed no health assessment or exam on Plaintiff to determine whether he suffered any job limitation after the heart stent insertion.

19. During his employment with SUNSHINE, Plaintiff always made up the "rare" sick day, doctor's appointment, or medical procedure.

20. On Saturday, July 23, 2022, CHAUDHRY texted Plaintiff that he wanted to meet with everyone on July 25, 2022 and wanted them to bring their company cars to the staff meeting.

21. On the morning of July 25, 2022, Plaintiff informed CHAUDHRY he could not go to the July 25th staff meeting due to not feeling well because his physician changed his blood pressure medication.

22. During the July 25th meeting, CHAUDHRY announced to all staff in attendance that he was pulling job duties back from Plaintiff and had hired a new Vice President ("V.P."), Jerome Bouyer ("BOUYER"), to take over half of Plaintiff's job responsibilities because Plaintiff had "health issues" and "travel restrictions." CHAUDHRY announced that Plaintiff would no longer be Regional Director of Operations for the entire company but would retain only the Akron area. CHAUDHRY also announced that Plaintiff would report to the new V.P.

23. On July 26, 2022, CHAUDHRY spoke to Plaintiff over the phone, telling him to take the rest of the week off. Plaintiff used his vacation days for that week. CHAUDHRY told Plaintiff his job duties and salary would be reduced going forward. Plaintiff told him that millions of people had stents with no work limitations. Plaintiff said "it wasn't right" that CHAUDHRY announced his medical issues in a staff meeting. Plaintiff protested that he had no travel restrictions and no job limitations. Plaintiff further stated there was no reason for the pay reduction because Plaintiff did not request the reduction and could still handle all the stores. During the call CHAUDHRY informed Plaintiff that he was reduced to 13 stores (this was later increased to 15 stores a week).

24. During this call, CHAUDHRY disparaged Plaintiff by calling him "sickly" and telling Plaintiff he had a lot of medical problems. CHAUDHRY stated that he had originally hoped that Plaintiff would stick around for 10 years but then "this happened."

25. Before July 26, 2022, Plaintiff supervised 36 stores as Director of Regional Operations.

26. On July 29, 2022, Plaintiff received his paycheck for the prior week of July 18, 2022. This paycheck reflected a retroactive pay reduction effective July 18, 2022 even though Plaintiff still supervised all 36 stores.

27. On the same day, Plaintiff spoke to CHAUDHRY and told him that the pay reduction was not fair – Plaintiff was still supervising all 36 stores that week. Defendant responded that "was how it was going to be."

28. During September, BOUYER started visiting various stores under Plaintiff's supervision without notifying Plaintiff of the intended visits or contacting him while BOUYER was in town.

29. On September 26, 2022, Plaintiff emailed CHAUDHRY regarding a theft in one of Plaintiff's stores of which BOUYER had failed to notify Plaintiff. Plaintiff asked why he and his team were kept out of the loop on this "among many many other things." Plaintiff complained of the lack of communication and response from BOUYER, making it hard to do his job "effectively and efficiently." Plaintiff stated that "I am really feeling a presence of harassment and retaliation."

30. On October 2, 2022, BOUYER texted Plaintiff to be at the "Wadsworth" store at 11:30 A.M. After Plaintiff arrived, BOUYER terminated Plaintiff stating, "they couldn't work together" and "needed to part ways."

## COUNT I
### Violation of the ADA, 42 U.S.C. § 12101, *et seq.*
### Discrimination on the Basis
### of Perceived Disability

31. Plaintiff restates the foregoing paragraphs as if set forth fully herein.

32. Plaintiff is a "qualified individual" who was an employee of Defendant, as defined under the ADA, 42 U.S.C. § 12111(4), (8). Plaintiff performed the essential functions of his position admirably.

33. Under the terms of the ADA, one is considered disabled if he or she: has (A) a physical or mental impairment that substantially limits one or more of that person's major life activities; (B) has a record of such impairment; or (C) is regarded as having such an impairment …" 42 U.S.C. 12102(1).

34. To establish disability under the third definition, being regarded as having an impairment, the ADA provides: (A) An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity; (B) Paragraph 1(C) shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less." 42 U.S.C. § 12102(3).

35. Plaintiff's heart condition is not transitory and minor but did not affect Plaintiff's ability to perform his essential job functions.

36. Plaintiff objected to his lessened role at the company and argued it was unnecessary and discriminatory to reduce his job functions.

37. The assumptions made by Defendant after receiving notice of Plaintiff's medical status were used to justify Defendant's incorrect and unlawful determination that Plaintiff could not perform his job duties because he was disabled. This assumption was not based on any reasonable understanding of the facts regarding Plaintiff's ability to perform his essential job duties. There was no factual support for the idea that Plaintiff could not perform his essential job duties.

38. Defendant made no individualized risk assessment regarding Plaintiff's perceived disability before terminating Plaintiff.

39. Defendant's unlawful discrimination is the direct and proximate cause of deprivation of Plaintiff's equal employment opportunities and his economic and non-economic damages.

40. The conduct of Defendant was so willful and wanton and in such reckless disregard of the statutory rights of Plaintiff so as to entitle Plaintiff to an award of punitive damages against Defendant, to deter Defendant and others from such conduct in the future.

## COUNT II
### Violation of the ADA, 42 U.S.C. § 12203
### Prohibited Retaliation and Coercion

41. Plaintiff restates the foregoing paragraphs as if set forth fully herein.

42. The ADA prohibits retaliation and coercion for protected activities. 42 U.S.C. § 12203 states: "(a) Retaliation

> No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

(b) Interference, coercion, or intimidation

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

43. When Plaintiff objected to Defendant's lessening of his job duties, and when Defendant treated Plaintiff as though he was disabled, and when Defendant treated Plaintiff differently due to Plaintiff's medical condition, Defendant used unlawful retaliatory tactics against Plaintiff.

44. Defendant's unlawful termination of Plaintiff was an act of retaliation.

7

45. Defendant's behavior toward Plaintiff seems irrational and motivated by a desire to punish Plaintiff for complaining about discrimination.

46. Defendant's prohibited retaliation against Plaintiff is a direct and proximate cause of Plaintiff's economic and non-economic damages.

47. The conduct of Defendant was so willful and wanton and in such reckless disregard of the statutory rights of Plaintiff so as to entitle Plaintiff to an award of punitive damages against Defendant, to deter Defendant and others from such conduct in the future.

### COUNT III
### Violation of the ADA, 42 U.S.C. § 12112
### Prohibited Disclosure of Medical Information

48. Plaintiff restates the foregoing paragraphs as if set forth fully herein.

49. The ADA prohibits the disclosure of employee medical information but for certain purposes which Defendant's disclosure did not meet.

50. Plaintiff's medical information was obtained by Defendant in response to Defendant's inquiries into Plaintiff's ability to perform job-related functions.

51. Defendant unauthorizedly disclosed Plaintiff's medical information to another or others who had no purpose to receive the medical information.

52. Defendant thus violated the ADA's prohibition on disclosing medical information.

53. The conduct of Defendant was so willful and wanton and in such reckless disregard of the statutory rights of Plaintiff so as to entitle Plaintiff to an award of punitive damages against Defendant, to deter Defendant and others from such conduct in the future.

### COUNT IV
### Violation of R.C. § 4112.02
### Disability Discrimination in Employment

54. Plaintiff restates the foregoing paragraphs as if set forth fully herein.

55. Ohio Revised Code Section 4112.02 prohibits employment discrimination based on disability, which under R.C. § 4112.01 includes "being regarded as having a physical or mental impairment."

56. Defendant violated Ohio's Anti-Discrimination law when it reduced Plaintiff's job role, lowered his pay, and ultimately terminated Plaintiff due to Defendant's regarding Plaintiff as having a disability which prevented him from performing his essential job functions.

57. Defendant discriminated against Plaintiff because of his perceived disability.

58. Defendant's discrimination harmed and continues to harm Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court award him:

a. Damages including back pay, front pay, pre-judgment and post-judgment interest, punitive damages, and compensatory damages.

b. Injunctive relief.

c. Reasonable attorneys' fees and costs.

d. Any other relief that the Court considers just, proper, and equitable.

Respectfully submitted,

**MENDENHALL LAW GROUP**

/s/ Warner Mendenhall
Warner Mendenhall (0070165)
Brian Unger (0096884)
190 North Union St., Suite 201
Akron, OH 44304
330.535.9160; f 330.762.9743
warner@warnermendenhall.com
brian@warnermendenhall.com

*Attorneys for Plaintiff*

## **JURY DEMAND**

A trial by jury is demanded for all issues so triable.

Respectfully Submitted,

/s/ Warner Mendenhall
Warner Mendenhall (0070165)
